# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

| | | |
|---|---|---|
| **YOUA LEE,**<br><br>***Petitioner*,**<br><br>**v.**<br><br>**KRISTI NOEM, IN HER CAPACITY AS SECRETARY OF THE UNITED STATES DEPARTMENT OF HOMELAND SECURITY; TODD M. LYONS, IN HIS OFFICIAL CAPACITY AS ACTING DIRECTOR OF THE UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT; PAMELA BONDI, IN HER OFFICIAL CAPACITY AS ATTORNEY GENERAL OF THE UNITED STATES; MARY DE ANDA-YBARRA, IN HER OFFICIAL CAPACITY AS DIRECTOR, EL PASO FIELD OFFICE, U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; AND JOHN OR JANE DOE, IN THEIR OFFICIAL CAPACITY AS THE WARDEN OF THE ERO EL PASO CAMP EAST MONTANA, TEXAS;**<br><br>***Respondents*.** | § § § § § § § § § § § § § § § § § § § § § § § § § § § § | **No. 3:26-CV-00432-LS** |

## ORDER DISMISSING CASE

The Government notified the Court that Petitioner was removed from the United States and is no longer in custody.[1] Petitioner filed a petition for a writ of habeas corpus challenging Petitioner's detention by Immigration and Customs Enforcement.[2] Because Petitioner is no longer

---

[1] ECF No. 7.
[2] ECF No. 1.

detained by Respondents, the petition is moot.[3] The Court therefore denies Petitioner's writ of habeas corpus, dismisses this case as moot, and all pending motions are denied as moot. **THE CLERK SHALL CLOSE THIS CASE**.

**SO ORDERED**.

**SIGNED** and **ENTERED** on October 21, 2026.

______________________________
**LEON SCHYDLOWER**
**UNITED STATES DISTRICT JUDGE**

---

[3] *See Ortez v. Chandler*, 845 F.2d 573, 575 (5th Cir. 1988) (stating that a habeas petition becomes moot when the habeas relief requested can no longer be effected); *Chafin v. Chafin*, 568 U.S. 165, 172 (2013) ("[A] case 'becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party.'" (citation omitted)).